## VALIDITY OF A RELEASE.

Circuit Court of Wood County.

### VIOLA COOK v. CHARLES COOK ET AL.

Decided, March 3, 1912.

*Release—Consideration for—Finding in Court Below Supporting the Validity of a Release Will be Upheld on Review, When.*

A finding in the court below against the claim that the release interposed as a defense was without consideration requires, in the absence of a bill of exceptions containing all the evidence, that the reviewing court assume the payments made prior to the execution of the release, the amount of which are not stated, were sufficient to warrant the judgment finding the release was sustained by sufficient consideration.

*Stephens & Reed* and *Ladd & James*, for plaintiff in error.
*L. D. Hill* and *J. E. Kelly*, contra.

RICHARDS, J.

Error to the Court of Common Pleas of Wood County.

In the court of common pleas Viola Cook brught suit against Charles Cook and Clara Cook to recover damages for the alienation of the affection of her husband, Claud Cook.

The ordinary and proper allegations constituting a cause of action in such cases were set forth in her petition. The petition alleges and the answer admits that the defendants are husband and wife, and that they are the parents of plaintiff's husband, Claud Cook. The defendants answered jointly, denying the allegations of the petition and setting up by way of a so-called second defense a release which they attach to their answer and which reads as follows:

"PRAIRIE DEPOT, O., March 21, 1911.
"We, the undersigned, Isaac Mills and wife, Mary Mills, and Viola Cook, daughter of said Isaac and Mary Mills, and wife of Claud H. Cook, in consideration of two hundred and fifty dol-

lars ($250) paid by said Claud H. Cook to Viola Cook, the receipt of which is hereby acknowledged, accept same in full settlement of all alimony assessed against said Claud H. Cook in favor of Viola Cook, and also release said Claud H. Cook from any and all claims whatsoever, for which we might have cause of action, and we also agree and promise that we will bring no further action for alimony against the said Claud H. Cook. We furthermore agree that we will bring no cause of action against Charles Cook and his wife, Clara Cook, or either of them singly, for alienating the affections of said Claud H. Cook from said Viola Cook.

"Isaac Mills.
"Mary Mills.
"Viola Cook.

"Signed and acknowledged in the presence of
"D. W. Conger.
"Caroline Meyerbeck."

To this answer the plaintiff filed a reply that admits that she signed the release, but avers in substance that she was induced to sign the same by false and fraudulent representations made to her by the defendants, and she avers further that the so-called release is without any consideration whatever. Upon the trial of the case a verdict was directed for the defendants on the ground that the release was a complete bar to the cause of action set forth in the petition. The parties made an agreed statement of facts, which is embodied in the bill of exceptions before us. The entire bill of exceptions embraces less than two pages and the material parts of it are in the following words, viz.:

"That upon the trial of said cause the court found that the release pleaded by the defendants, copy of which is attached to their answer, is a full and complete defense to the cause of action alleged in the petition of the plaintiff.

"It is agreed by the parties hereto that all the evidence pertaining to said release is as follows, to-wit:

"That plaintiff, Viola Cook, recovered from one Claud Cook, her husband, in cause No. ——— in the Court of Common Pleas of Wood County, Ohio, a decree for alimony in the sum of $400, to be paid $2 each week or settled by paying $300 in cash. That the defendants in this cause, Charles Cook and Clara Cook,

are the father and mother of Claud Cook. That the release pleaded by the defendants was prepared by them at their home in Prairie Depot, Ohio, and was taken by them to the home of plaintiff's parents in the city of Toledo, Ohio. That Wm. Conger, notary public, was called, who read the release in the presence of plaintiff, after which it was signed and executed. That the total amount paid was $250, which was paid by the check of Charles Cook and from his own funds. That a true copy of said release is hereto attached and marked Exhibit A and made a part of this bill of exceptions.''

From the fact that the bill of exceptions does not purport to contain all of the evidence which was introduced, we are not at liberty to review the case upon the weight of the evidence. This principle has been heretofore determined in many cases in this state and I only stop to cite three of them, *Combes* v. *Miller*, 6 C. C., 446, which was affirmed by the Supreme Court without report; *C., H. & D. R. R. Co.* v. *Curtis*, 17 C. C., 554, and *Regan* v. *McHugh*, 78 O. S., 326.

It will be noticed from the bill of exceptions that the court does not find any evidence to sustain the allegations of the reply that the release was obtained by false and fraudulent representations made by the defendants.

The only other ground by which it is sought to invalidate the release is the contention made by the plaintiff that the same is without consideration. In approaching the determination of this question every intendment must be made in favor of the regularity of the judgment entered by the court below. The bill of exceptions recites that the plaintiff recovered a decree for alimony against Claud Cook, her husband, in the sum of $400, to be paid $2 each week, or settled by paying $300 in cash.

Whether that decree remained still in force at the date of the payment of $250 does not appear; neither does it appear from the record how much, if any, had been paid upon the allowance of alimony made by the court to the wife. The date of the decree is not given, and it may be, for all that appears in the record, that a considerable amount of the allowance had **been paid.**

Again, it is entirely consistent with the finding of facts in the bill of exceptions that the weekly payments of alimony had not yet accrued to the extent of $250.

In view of all these facts and circumstances, which are entirely consistent with the finding of facts contained in the bill of exceptions, we hold that the court of common pleas was entirely justified in finding, as it did, that a good and sufficient consideration existed for the release, which is set forth in the answer filed by the defendant.

The judgment of the court of common pleas will be affirmed.

WILDMAN, J., and KINKADE, J., concur.